NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JEFFERY LEE MARSHALL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-643-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES SAMUELS, JR., Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jeffery Lee Marshall, an individual whose name also appears as Jeffery L. Marshall and Jeff Marshall in other cases on the docket of this Court, and who is incarcerated in the Federal Correctional Institution ("FCI")-Manchester, in Manchester, Kentucky, has submitted a *pro se* petition for writ of habeas corpus. He has now paid the District Court filing fee. The petition is before the Court for initial screening. 28 U.S.C. §1915(e); 28 U.S.C. §2243; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons to be discussed below, this action will be dismissed.

CLAIMS AND FACTUAL ALLEGATIONS

The Petitioner asserts that the Federal Bureau of Prisons ("BOP") has not properly credited time toward his sentence for two segments of his incarceration: time served at FCI-Manchester, from May 18, 2000 to April 5, 2001, and time spent in state custody from April 5,

2001 to June 12, 2002.  The following is a summary or construction of the allegations contained in the petition form and attached memorandum, with exhibits.  [Record No. 1]

The Petitioner claims that he was arrested by the sheriff on August 18, 1998, in Magoffin County, Kentucky.  Both state and federal charges were brought against him.  On November 2, 1998, the Petitioner escaped from state custody.  However, he alleges that he was recaptured and returned to state custody "[a]fter several weeks."

Pursuant to a writ of *habeas corpus ad prosequendum* dated February 1, 1999, the Petitioner was taken from state custody to appear in Federal Court.  On July 14, 1999, in *United States v. Marshall*, Pikeville Criminal Action Number 98-30, Judge Joseph M. Hood of this Court sentenced the Petitioner to a term of imprisonment of eighty-four months for theft of firearms from a licensed gun dealer's business.  A copy of the criminal judgment is attached to Marshall's memorandum as Exhibit ("Ex.") G.

The Petitioner asserts that he was then returned to the primary custody of the Commonwealth of Kentucky.  On May 18, 2000, he appeared before the Magoffin Circuit Court.  According to the attached "Judgment and Sentence on Plea of Guilty," that court found the Petitioner guilty of burglary and persistent felony offender charges and sentenced him to imprisonment for eleven years.  That sentence was ordered to run concurrent with his federal sentence.  (Ex. H)

The Petitioner also claims that on May 18, 2000, after the state sentencing, he was transferred into federal custody to begin service of his federal sentence at FCI- Manchester.  There, the Petitioner was purportedly given a computer print-out (Ex. B) dated March 15, 2001.

This document indicates that his federal sentence began on May 18, 2000. According to the Petitioner, "while checking petitioner's record, [the BOP] discovered that he was supposedly in federal custody mistakenly and requested the state to retake custody."

Marshall next alleges that the state took custody of him on April 5, 2001. In support of this assertion, he attaches a copy of the BOP release authorization form whereby he was turned over to the Magoffin County Sheriff's Department on that date. (Ex. D) In addition to his claims that the BOP discovered that he was there by mistake and that the BOP requested that state authorities take custody, the Petitioner contends that the transfer of custody to the state was not proper because it was "for sentencing on a separate charge, in which the state had agreed to sentence in absentee [sic]."

The attached Judgment from Johnson Circuit Court shows that Marshall had filed a written waiver of his right to be present and that on April 5, 2001, with only his counsel present, he was convicted of escape, being a persistent felon, and sentenced to 5 years' imprisonment. That sentence was ordered "to run concurrently with the Federal and State time the defendant is presently serving in the Manchester Federal Correction Institute, with the defendant given credit on this charge of 848 days of service." (Ex. E)

The Petitioner states that after coming into the Commonwealth's custody on April 5, 2001, he remained in state custody until he entered the federal prison again on June 12, 2002. This time, he alleges, the BOP print-out computing his sentence showed "that his federal sentence had began all over again, (Exhibit C) extending his full term service date to over two years later than initially projected." Exhibit C (dated January 8, 2004) shows that the date on

which the computation of service on his sentence began is, indeed, June 12, 2002, not the May 18, 2000, date which the earlier printout had shown as the beginning of service.

As grounds for the relief requested, the Petitioner states that for the first time period (*i.e.*, May 18, 2000 to April 5, 2001) when he was in federal custody, he is entitled to credit under 18 U.S.C. Section 3585(a). For the second period (April 5, 2001 to June 12, 2002) during which he was in state custody, the Petitioner's position is that a prisoner has a right to not serve his sentence piecemeal. He cites cases from other circuits which granted §2241 relief based on the proposition that a sentence runs continuously from the date on which the prisoner surrenders to start serving the sentence and that interruption of the service of that sentence is not permitted unless it is the fault of the Petitioner. Marshall claims that the interruption in his service of the federal sentence (April 5, 2001 to June 12, 2002) was not his fault, as the escape charge for which the state court sentenced him on April 5, 2001, occurred before the federal sentence was imposed.

## PREVIOUS LITIGATION

Marshall has brought claims for sentence credits to this Court previously, having filed an action styled: *Jeff Marshall v Jose Barron, Jr.*, 6:03-CV-235-DCR, on March 5, 2003. Upon screening of that 2241 petition, this Court issued an opinion and order [Record No. 4] dismissing the petition, *sua sponte*. In dismissing the prior action, the Court concluded that the Petitioner's claim for credit for a time period from 1999 to May of 2000 (not raised herein), was barred by 18 U.S.C. Sec. 3585(b). This statutory section prohibits the BOP from giving credit for time which had been credited to another sentencing, as that would amount to double credit. The Court

also rejected on the merits the Petitioner's claim for a *nunc pro tunc* designation for that period and/or from his federal sentencing on July 19, 1999, until he began service of that sentence in a BOP facility in May of 2000.

Regarding the next period complained of (April 5, 2001 to June 12, 2002 – the time period which he spent in state custody), which is in issue in this action, the Court found that:

> [T]he petitioner may be entitled to receive the sought credit. See Weeks v. Fleming, 301 F.3d 1175 (10th Cir. 2002). However, to the extent that the interruption in the petitioner's service of his federal sentence can be attributed to his own fault for having escaped from state custody and, consequently, having to serve a state sentence based upon that escape, the petitioner may not be entitled to receive the sought credit. *Free v. Miles*, —F.3d—; 2003 WL 21290878 (5th Cir. (Tex.) June 5, 2003) (citing *Dunne v. Keohane*, 14 F.3d 335, 336 (7th Cir. 1994); *Cox v. Federal Bureau of Prisons*, 643 F.2d 534 (8th Cir. 1981)).

[*See* Record No. 4 at 12.] This Court noted, however, that, "[t]he petitioner has not established that he has ever requested of the BOP that the BOP issue a *nunc pro tunc* order or that he has ever addressed, via the administrative remedy procedures, the BOP's denial of any *nunc pro tunc* order he may have requested." *Id* at 15-16. Accordingly, the Court denied relief and dismissed the Petitioner's prior case, without prejudice, on July 22, 2003.

## DISCUSISON

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) requires that an inmate first informally present his complaint to the staff on a form designated BP-8, thus providing the BOP with an opportunity to address the issue before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (on a BP-9 form) with the Warden. If the inmate is not satisfied with

the Warden's response, he may appeal to the Regional Director (on a BP-10 form) and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel (on a BP-11 form). *See* §542.15.

The exhibits to the current petition include copies of the administrative remedy documents which were exchanged as the Petitioner pursued his administrative remedies to obtain the credits (*i.e.*, Remedy ID No. 372705, beginning with a BP-8 dated February 25, 2005). The warden and regional directors' responses reveal that they did not consider the claim for the credits on the merits because, they wrote, it was a duplicate ("repetitive") of the request he had made in Administrative Remedy No. 284122. The regional director's response is dated June 1, 2005.

Finally, on September 6, 2005, the Petitioner filed an appeal with the BOP National Office. In this document, he distinguished between the two administrative remedy requests, and stated that with regard to the new one, No. 372705, "I previously sent this petition in June of this year, however no reply has been received to date. I am between Unit Counselors . . . in finding out the status of the prior petition, i.e. whether it was received." On September 13, 2005, the appeal was returned to him. The cover letter notes that it was explained that Marshall's appeal to the National Office had been due on July 2, 2005. Thus, that office indicates that the Petitioner's September appeal was beyond the 30-day period permitted for an appeal under the BOP regulations. The letter further indicates that the Petitioner "will need staff verification on BOP letterhead to document that your untimeliness was not your fault."

ORDER

The Court believes that the current petition is not frivolous on its face or otherwise subject to summary dismissal. Further, it appears that the Petitioner has pursued the matter of credits for periods May 18, 2000 to April 5, 2001, and April 5, 2001 to June 12, 2002, through the BOP administrative remedy process to the national level.  Therefore, being sufficiently advised, it is hereby **ORDERED** as follows:

(1)   The Respondent in this action is Warden Charles Samuels, Jr., of the Federal Correctional Institution in Manchester, Kentucky.

(2)   The Clerk of the Court shall serve by certified mail a copy of the Petition and this Order upon Respondent Warden Charles Samuels, Jr., the Attorney General for the United States, and upon the United States Attorney for the Eastern District of Kentucky.

(3)   The Respondent, by counsel, shall answer or otherwise defend this action within sixty (60) days of the entry of this Order.  The Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the Petition.

(4)   Upon the filing of a response, the Clerk of the Court shall forward the record to the Pro Se Office.

(5)   The Petitioner shall keep the Clerk of the Court informed of his current mailing address.  Failure to notify the Clerk of any address change may result in a dismissal of this case.

(6)   For every further pleading or other document he wishes to submit for consideration by the Court, the Petitioner shall serve upon the Respondent, or, if appearance has been entered by counsel, upon his attorney, a copy of the pleading or other document.  The

Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the Respondent or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This 31st day of May, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge